# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RHETANNA TAUNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLG LOGISTICS, INC., | ) CASE NO.: 14-CV-1672-KOB |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This employment discrimination matter is before the court on "Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiff's Third Amended Complaint, or, in the Alternative, Motion for More Definite Statement." (Doc. 25). The *pro se* Plaintiff responded (doc. 29), and the Defendant filed a reply (doc. 30). For the reasons stated in this Memorandum Opinion, the court FINDS that the motion to dismiss is due to be DENIED, and that the alternative motion for more definite statement is due to be GRANTED.

## I.  LEGAL STANDARD

The motion to dismiss in the instant case attacks the sufficiency of the Second Amended Complaint filed by a *pro se* Plaintiff. Although the court is required to show leniency in reviewing a *pro se* plaintiff's pleadings, his complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d

1

835, 837 (11th Cir. 1989). *Pro se* complaints must "comply with the procedural rules that govern pleadings." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005).

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's

2

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Supreme Court has identified "two working principles" for the district court to use in applying the facial plausibility standard. The first principle is that, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions even when "couched as [] factual allegation[s]" or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The second principle is that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. Thus, under prong one, the court determines the factual allegations that are well-pleaded and assumes their veracity, and then proceeds, under prong two, to determine the claim's plausibility given the well-pleaded facts. That task is "context-specific" and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense. . . to infer more than the mere possibility of misconduct." Id. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## DISCUSSION

Defendant directs this motion to three counts of the five-count Second Amended Complaint: Count II, alleging race discrimination in violation of 42 U.S.C. § 1981; Count III, asserting a claim for hostile work environment brought pursuant to Title VII; and Count IV, asserting retaliation brought pursuant to Title VII. The court addresses each claim separately.

### A.  Count II: Race Discrimination in Violation of § 1981

Although Counts I and II both assert claims for race discrimination, Defendant's motion

only challenges Count II as failing to state a claim of race discrimination. Indeed, Count I contains specific facts to support the claim of race discrimination brought under Title VII. On the other hand, Count II, brought pursuant to § 1981, contains only general, conclusory allegations of race discrimination without specific facts to give the court and the Defendant notice regarding upon what that claim is based. Such unsupported conclusions and general allegations do not meet the standards of pleading that the Supreme Court set forth in *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570).

The court recognizes that the standards of proof and analytical elements are the same for race discrimination brought under both Title VII and § 1981, although Title VII requires administrative prerequisites that § 1981 does not. *See, e.g., Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010) (citing *Standard v. ABEL Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998)). Accordingly, logic suggests that the factual allegations supporting the Title VII claim for race discrimination in Count I would likewise support the § 1981 claim for race discrimination. Unfortunately, under Count II, the Plaintiff did not restate those facts; Count II contains no specific facts supporting the general conclusory allegations. Given the circumstances, the court will DENY the motion to dismiss Count II, but will GRANT the alternative motion as to that count and give the Plaintiff one last opportunity to provide a more definite statement of the facts supporting Count II.

### B.  Count III - Hostile Work Environment

In this count, the Plaintiff alleged generally that she belongs to a protected class, but she did not initially identify that protected class. In paragraph 44, she referred to "racially

discriminatory practices," without explaining how the general allegations of harassment are based on race; however, that reference implies that her protected status is her African American race.

The Plaintiff also states in paragraph 42 that "primarily African American employees would pull the Plaintiff to the side and tell her to watch her back because of Mr. Tucker's threatening comments and behavior." (Doc. 24, at 6 ¶ 42). That reference to the race of those who warned her may support the inference that she intended to identify her race as her protected status and also may represent an attempt to tie the alleged harassment to race. Yet, the fact that African American people warned her about harassment does not necessarily mean that the harassment, whatever it was, was based on race; neither the court nor the Defendant may assume that the race of those people warning her always corresponds with the nature of the harassment itself. Instead, the African American co-workers may have been warning her of gender-based harassment or about harassment with other bases, that, while perhaps unfair, may not be protected by Title VII at all. In any case, as further explained below, the Plaintiff will have an opportunity to specify the nature of the harassment, state the basis of that harassment, and to provide specific facts supporting that conclusion.

Further, the Plaintiff states conclusorily that the harassment interfered with her day-to-day duties, and characterizes Tucker's conduct as overbearing, but does not provide the specific facts to support those conclusions. Of the two specific factual examples that she provides, the first is the sentence quoted above about the African Americans warning her and the second is Tucker's stopping other employees from coming to see the Plaintiff on their breaks to share concerns. However, without more specific information about the circumstances surrounding Tucker's

conduct, the frequency of his conduct, any words accompanying his conduct, and specific facts as to how it affected her job duties, the court cannot determine whether that conduct, assuming that it happened, was the type of severe or pervasive conduct that creates a hostile work environment, and further, whether it was tied to race, gender or some other characteristic protected by Title VII.

For all of these reasons, the court WILL GRANT the Defendant's alternative motion for more definite statement as to the claim in Count III for a hostile work environment, but WILL DENY the motion to dismiss Count III at this point.

### C. Count IV- Retaliation

In this count, the Plaintiff refers to a her "complaint concerning Mr. Tucker" and refers to her "protected activity of opposing unlawful discrimination." (Doc. 24, at 7 ¶ ¶ 55 & 57). However, she does not specify the nature of the unlawful discrimination in her complaint. Without that information, the court cannot determine whether her "documented complaint" in January of 2014 objected to discrimination that falls within Title VII, and thus, is protected activity. In paragraph 58, the Plaintiff states that "[t]he Defendant engaged in the racially discriminatory practices complained of herein," (doc. 24, at 8 ¶ 58), but the court cannot determine from the vague allegations whether those discriminatory practices were Mr. Markham's actions in firing her or Mr. Tucker's activities, whatever Mr. Tucker's activities were.

Accordingly, the court WILL GRANT the Defendant's alternative motion for more definite statement as to the claim in Count IV for retaliation, but WILL DENY the motion to dismiss Count IV at this point.

In so ruling and allowing the Plaintiff one final opportunity to file a more definite statement as to Counts II, III, and IV, the court takes into consideration the Plaintiff's *pro se* status. However, the court recognizes that the next amended complaint will be the Plaintiff's third (and her fourth attempt at pleading, counting the original complaint), and the Plaintiff should not expect another opportunity to plead if she fails to state a claim in Counts II, III and/or IV of her Third Amended Complaint.

Dated this 20th day of May, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE